UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH HILL, and TIMOTHY MILLS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BBVA USA, an Alabama corporation,<br><br>Defendant. | Case No.: 20-CV-1016 JLS (WVG)<br><br>**ORDER (1) GRANTING MOTION TO COMPEL ARBITRATION; (2) DENYING MOTION TO DISMISS AND MOTION TO STRIKE; AND (3) DISMISSING ACTION**<br><br>(ECF Nos. 17, 18, 19) |

Presently before the Court is Defendant BBVA USA's Motion to Compel Arbitration ("Mot.," ECF No. 18). Plaintiffs Sarah Hill and Timothy Mills filed an Opposition to the Motion ("Opp'n," ECF No. 22), and Defendant filed a Reply in Support of the Motion ("Reply," ECF No. 23). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 24. Having carefully considered the Parties' arguments and the law, the Court **GRANTS** the Motion.

### BACKGROUND

Plaintiffs hold separate checking accounts with Defendant, which offers retail banking services. First Amended Complaint ("FAC") ¶¶ 11, 33, ECF No. 15. Plaintiffs allege that Defendant assessed overdraft fees on transactions that did not overdraw

Plaintiffs' bank accounts, and Defendant charged more than one nonsufficient funds fee on a single transaction. *Id.* ¶ 1. Plaintiffs contend that these practices breach the terms of their account contracts with Defendant and violate California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq. Id.* ¶ 1. Plaintiffs, proceeding on behalf of a putative class, seek declaratory relief, monetary damages, and an order on behalf of the general public enjoining Defendant from "misrepresenting and/or omitting material information as to its fee assessment practices." *Id.* ¶¶ 86, 97.

When Plaintiffs opened their checking accounts with Defendant, they agreed to Defendant's Consumer Deposit Account Agreement (the "Agreement"). *See id.* ¶ 33 (noting that the Agreement governs Plaintiffs' accounts). Section 3 of the Agreement, entitled Dispute Resolution, Arbitration (the "Arbitration Agreement"), provides:

> Any dispute that arises from or relates to this Agreement, your Account and any transaction involving the Account or any service or product related to your Account will be settled by arbitration . . . .
>
> This means that disputes about the following are covered:
>
>> This Agreement, your Account or any transaction involving the Account or any service or product related to your Account . . . .

Ex. C at 5–6, ECF No. 18-2.

Additionally, the Arbitration Agreement includes the following clause regarding class action, private attorney general, and representative actions:

> You cannot join together in a dispute with anyone other than people who use your Account. Even if other people have disputes similar to a dispute that you or we ask to arbitrate, those people and their disputes cannot be part of any arbitration between you and us. You cannot arbitrate any dispute on a class action, private attorney general or other representative basis. Only a court, and not an arbitrator, may decide whether this provision prohibiting class disputes can be enforced.

*Id.* at 6.

Finally, the Agreement provides the following clause regarding the availability of remedies: "Nothing in this arbitration provision will limit certain other rights you or we may have.  This means that you or we could, for example: Get an injunction . . . ." *Id.* at 7.

Defendant filed the present Motion alongside a Motion to Dismiss (ECF No. 17) and Motion to Strike the Amended Complaint (ECF No. 19).  The Parties filed a Joint Motion requesting that the Court consider only Defendant's Motion to Compel Arbitration and stay consideration of Defendant's Motion to Dismiss and Motion to Strike until after the Court has ruled on the issue of arbitration (ECF No. 20).  The Court granted the Joint Motion (ECF No. 21).

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in contracts.  *See* 9 U.S.C. § 1, *et seq.*; *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24–26 (1991).  If a suit is proceeding in federal court, the party seeking arbitration may move the district court to compel the resisting party to submit to arbitration pursuant to their private agreement to arbitrate the dispute.  9 U.S.C. § 4.  The FAA reflects both a "liberal federal policy favoring arbitration agreements" and the "fundamental principle that arbitration is a matter of contract." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (quotations and citations omitted); *see also Kilgore v. Keybank, Nat'l Ass'n*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc) ("The FAA was intended to 'overcome an anachronistic judicial hostility to agreements to arbitrate, which American courts had borrowed from English common law.'" (quoting *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 625 n.14 (1985))); *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002) ("The [FAA] not only placed arbitration agreements on equal footing with other contracts, but established a federal policy in favor of arbitration, and a federal common law of arbitrability which preempts state law disfavoring arbitration." (citations omitted)).

In determining whether to compel a party to arbitration, a district court may not review the merits of the dispute; rather, a district court's role under the FAA is limited to two "gateway" issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (citing *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000)). If the Court finds that the answers to those questions are yes, the Court must compel arbitration. *See Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). In determining the validity of an arbitration agreement, the Court applies state law contract principles. *Adams*, 279 F.3d at 892; *see also* 9 U.S.C. § 2. To be valid, an arbitration agreement must be in writing, but it need not be signed by the party to whom it applies as acceptance may be implied in fact. *Pinnacle Museum Tower Ass'n v. Pinnacle Mkt. Dev. (US), LLC*, 55 Cal. 4th 233, 236 (2012). Further, "[a]n arbitration clause within a contract may be binding on a party even if the party never actually read the clause." *Id.*

## ANALYSIS

Defendant advances two arguments in support of its Motion to compel individual arbitration of Plaintiffs' claims. *See* Mot. 5–6. First, Defendant argues that because the Arbitration Agreement permits Plaintiffs to seek public injunctive relief in arbitration proceedings, California law does not prohibit enforcement of the Agreement. *See id.* at 6. Second, Defendant argues that Plaintiffs do not seek a public injunction, and therefore California law does not provide a basis for avoiding arbitration. *See id.* 5–6. Because the Court finds the Arbitration Agreement does not bar Plaintiffs from seeking public injunctive relief, the Court need not address whether Plaintiffs seek a public injunction.[1]

///

---

[1] The Parties also disagree whether the Agreement contains a poison pill provision, which would invalidate the entire Arbitration Agreement if the Court found the arbitration clause invalid. *Compare* Opp'n at 6 *with* Reply at 1. The Court also need not reach this question because the Court finds the Arbitration Agreement is valid and enforceable.

Plaintiffs argue the California Supreme Court's decision in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017), invalidates the Arbitration Agreement. *See generally* Opp'n at 5–13. The *McGill* court held that an arbitration provision is invalid and unenforceable if it waives a plaintiff's statutory right to seek public injunctive relief in any forum. *McGill*, 393 P.3d at 90; *see Blair v. Rent-A-Ctr., Inc.*, 928 F.3d 819, 830–31 (9th Cir. 2019) (holding that the FAA does not preempt the *McGill* rule). Public injunctive relief is a remedy that "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *McGill*, 393 P.3d at 86. Such relief "benefits the plaintiff, 'if at all,' only 'incidental[ly]' and/or as 'a member of the general public.'" *Id.* at 89 (quoting *Broughton v. Cigna Healthplans*, 21 Cal. 4th 1066, 1080 n.5 (1999)) (alterations in original). Under the *McGill* rule, any contract that bars public injunctive relief in both court and arbitration violates California Civil Code § 3513, which provides that "a law established for a public reason cannot be contravened by a private agreement." *Id.* at 93. However, the *McGill* court made clear that a litigant proceeding as a "private individual" "on his or her own behalf" may "request[] public injunctive relief." *Id.* at 92. Additionally, the Ninth Circuit has held that *McGill* "shows no hostility to, and does not prohibit, the arbitration of public injunctions." *Blair*, 928 F.3d at 827.

Plaintiffs allege that Defendant breached the terms of the Agreement with account holders and violated California's UCL. *See* FAC ¶¶ 101–19. The UCL authorizes public injunctive relief. Cal. Bus. & Prof. Code § 17203; *Cruz v. PacifiCare Health Sys., Inc.*, 66 P.3d 1157, 1164 (Cal. 2003). Plaintiffs seek, among other things, "[a]n order on behalf of the general public enjoining [Defendant] from continuing to employ unfair methods of competition and commit unfair and deceptive acts and practices[.]" FAC at Prayer. More specifically, Plaintiffs seek to enjoin Defendant "from misrepresenting and/or omitting material information as to its fee assessment practices in the documents that it makes available to the public." *Id.* ¶ 100. Plaintiffs claim that the Arbitration Agreement precludes them from seeking this relief, and therefore the Arbitration Agreement is invalid under the *McGill* rule. *See generally* Opp'n.

1    Plaintiffs argue the Arbitration Agreement "improperly waive[s] Plaintiffs' right to seek public injunctive relief in any forum." Opp'n at 6. Plaintiffs claim that the Agreement's bar on representative, class, and collective actions prohibits Plaintiffs from seeking public injunctive relief for their UCL claim, and therefore the Agreement is invalid under the *McGill* rule. *Id.* The Arbitration Agreement states that Plaintiffs "cannot join together in a dispute with anyone other than people who use [their] Account" and that Plaintiffs "cannot arbitrate any dispute on a class action, private attorney general or other representative basis." Ex. C. at 6. Plaintiffs argue that "actions for public injunctive relief are brought on behalf of the general public," and that because the Agreement prohibits "representative proceedings," Plaintiffs cannot seek public injunctive relief under the Agreement if they are compelled to individual arbitration. *See* Opp'n at 8.

This argument was recently rejected by the Ninth Circuit in *DiCarlo v. MoneyLion, Inc.*, 988 F.3d 1148 (9th Cir. 2021). In *DiCarlo*, the plaintiff similarly argued that an arbitration agreement was invalid under *McGill* because it did not allow the plaintiff to join her claims with a class or to act as a private attorney general. The plaintiff argued that the arbitration clause's ban on representative actions "restrict[ed] an individual lawsuit to one that has no substantial impact on others, including in the relief sought. This would mean that a claim for public injunctive relief, which undoubtedly impacts others, would violate the joinder clause and therefore fall outside an individual lawsuit." *DiCarlo*, 988 F.3d at 1153. The Ninth Circuit disagreed. *Id.* The court held that the arbitration agreement's representative action waiver did not violate the *McGill* rule because the agreement authorized an arbitrator to award all injunctive remedies available in an "individual lawsuit" under California law. *Id.* at 1156. Therefore, the plaintiff could seek public injunctive relief despite the arbitration agreement's ban on representative actions because such a clause does not restrict the availability of public injunctive relief. *See id.* The *Dicarlo* court clarified that public injunction claims are distinct from class actions and representative actions. *Id.* at 1153–54. As the *McGill* court held, a plaintiff proceeding "on his or her own behalf" may "request[] public injunctive relief." *McGill*, 393 P.3d at

92. The type of action and the type of relief sought are separate inquiries. Therefore, an arbitration clause waiving representative actions does not, by itself, run afoul with the *McGill* rule.

Plaintiffs' argument is similarly unavailing. Although the Agreement prevents Plaintiffs from joining their claims together, they may individually seek public injunctive relief that benefits the general public. *See Magana v. DoorDash, Inc.*, 343 F. Supp. 3d 891, 901 (N.D. Cal. 2018) (finding an arbitration agreement with an "all remedies" provision and a representative action waiver compliant with *McGill*). The Arbitration Agreement provides that "[n]othing in this arbitration provision will limit certain other rights" the parties may have. Ex. C at 7. The Agreement specifically provides that Plaintiffs could "[g]et an injunction . . . ." *Id.*

Plaintiffs attempt to analogize this case to *Blair*, in which the Ninth Circuit found an arbitration agreement invalid and unenforceable under the *McGill* rule. *Blair*, 928 F.3d at 831. However, the language of the arbitration agreement in *Blair* is distinguishable from that of the Arbitration Agreement here. In *Blair*, the agreement prohibited the arbitrator from awarding "relief that would affect RAC account holders other than you." *Id.* The plain language of the agreement, therefore, limited the type of relief litigants could seek in arbitration. By its definition, a public injunction benefits the general public, and therefore the agreement in *Blair* could not stand under the *McGill* rule. Here, Plaintiffs argue that the Arbitration Agreement provision stating that "[e]ach Arbitrator must: . . . Make decisions and awards only with respect to claims made by or against you individually" similarly limits the relief available to Plaintiffs. Opp'n at 5 (citing Ex. C at 7). However, unlike in *Blair*, this clause only limits representative actions and does not restrict the arbitrator's ability to award public injunctive relief. The Arbitration Agreement explicitly states that Plaintiffs can "[g]et an injunction . . . ." Ex C at 7. Additionally, the Arbitration Agreement incorporates the AAA Rules, *id.* at 6, which permit arbitrators to award any "remedy" or "relief" available to a litigant in court. AAA, Consumer Arbitration Rules,
///

Rule 44(a). Because Plaintiffs are free to seek public injunctive relief in arbitration, there is no conflict with *McGill*, and the Arbitration Agreement is valid and enforceable.

Accordingly, the Court **GRANTS** Defendant's Motion to Compel Arbitration. Because the Court finds all Plaintiffs' claims subject to arbitration, the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Dismiss (ECF No. 17) and Motion to Strike (ECF No. 19).

When arbitration is mandatory, courts have discretion to stay the case under 9 U.S.C. § 3 or dismiss the litigation entirely. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). Defendant requests the Court either enter an order compelling arbitration and staying the litigation or dismiss the action. Mot. at 6. Plaintiffs request that the Court dismiss the case, rather than stay it, so Plaintiffs may pursue an appeal. Opp'n at 20 (citing *Farrow v. Fujitsu Am., Inc.*, 37 F. Supp. 3d 1115, 1126 (N.D. Cal. 2014)). "[A]n order compelling arbitration may be appealed if the district court dismisses all the underlying claims, but may not be appealed if the court stays the action pending arbitration." *MediVas, LLC v. Marubeni Corp.*, 741 F.3d 4, 7 (9th Cir. 2014). The Parties have not provided any argument why the Court should retain jurisdiction over this matter; therefore, the Court concludes dismissal is appropriate. Accordingly, the Court **DISMISSES** this action in its entirety.

## CONCLUSION

Based on the foregoing, the Court rules as follows:

1. Defendant's Motion to Compel Arbitration (ECF No. 18) is **GRANTED**.
2. Defendant's Motion to Dismiss for Failure to State a Claim and Motion to Dismiss for Lack of Jurisdiction (ECF No. 17) is **DENIED WITHOUT PREJUDICE**.
3. Defendant's Motion to Strike (ECF No. 19) is **DENIED WITHOUT PREJUDICE**.

///

///

      4.  This case is **DISMISSED**.  The Clerk of Court **SHALL CLOSE** the file.

    **IT IS SO ORDERED.**

Dated:  June 1, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge